UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Chad Evans

    v.                        Civil No. 08-cv-105-JD

Richard Gerry, Warden
New Hampshire State Prison

**O R D E R**

    Chad Evans has filed a petition for a writ of habeas corpus (document no. 1) challenging the constitutionality of his sentence as increased and imposed by the state Superior Court's Sentence Review Division.  Evans has previously requested a stay in this matter in order to exhaust several claims in the state courts that have not yet been exhausted (document no. 3).[1]  On May 6, 2008, this Court granted Evans' motion to stay, and directed him to: (1) commence his state court proceedings to exhaust his unexhausted claims within thirty days of May 6, 2008; (2) file status reports every ninety days during the pendency of

---

[1] The unexhausted claims, which challenge the validity of Evans' conviction, rather than his sentence, are not related to the claim raised in Evans' initial petition and have only been alluded to in Evan's other filings, but have not been fully set forth in an amended habeas petition.

the state proceedings; and (3) notify this Court within thirty days of exhausting his unexhausted claims in the state courts (document no. 5).

While Evans has dutifully filed status reports every ninety days since the issuance of my May 6, 2008 Order (document nos. 6 – 12), he has yet to initiate proceedings in the state courts to exhaust his unexhausted claims.  Accordingly, while his initial claim challenging his sentence appears to have been exhausted, his petition remains mixed at this time.

I have reviewed each of the status reports filed, and it seems that Evans' efforts toward exhausting his unexhausted claims, thus far, have amounted to hiring investigators to track down various witnesses that he believes he needs in order to prove the substance of the claims he intends to raise in his state court motion for a new trial.  While Evans has been pursuing factual investigation, he has done nothing to present the substance of his constitutional challenges to his conviction to the state courts.

In order to exhaust his claims here, Evans must present the substance of his claims, including the federal constitutional nature of each claim, to the state Superior Court in a state

habeas action or in a motion for a new trial.[2]  <u>After</u> that action has been filed, Evans may address any issues concerning discovery materials or evidence he needs to prove those claims with the hearing court, and he may seek a stay of proceedings in the state court to complete investigation, if necessary.  Once the Superior Court has rendered a decision, if the petition is denied, Evans must appeal each of his federal constitutional challenges to his conviction to the New Hampshire Supreme Court for consideration in order to satisfy the exhaustion requirement of the federal habeas statute.  <u>See</u> 28 U.S.C. § 2254(b).

I note that, to date, the ninety-day status reports in this case have been accepted by this Court although they were signed only by Evans and not his attorney.  Evans is represented by

---

[2] While Evans has previously indicated that he intends to file a motion for a new trial in the state courts, the limitations period for filing such a motion in the state court may have passed.  A litigant in the state Superior Court seeking a new trial has three years from the date of "rendition of the judgment complained of" in which to file that motion.  N.H. Rev. Stat. Ann. § 526:4.  The latest date upon which judgment can be said to have been rendered in his case is April 26, 2005, the date his sentence was increased.  <u>See</u> <u>State v. Looney</u>, 154 N.H. 801, 804, 917 A.2d 1258, 1261 (2007) ("In the context of a criminal case, a judgement is 'rendered' when the sentence has been imposed by the trial court" and not when the appeal becomes final.) (citation omitted).  As more than three years has passed since Evans' increased sentence was imposed, in order to exhaust his unexhausted claims in the state courts, Evans may have to file a state habeas petition.

3

counsel in this matter.  As such, all pleadings in this action, including notifications and status reports, must be filed and signed by counsel of record.  See United States District Court District of New Hampshire Local Rule 4.3(e) ("any litigant who is represented by an attorney may not file a pleading in a case unless: (1) The court grants a motion for leave to file a pro se pleading; or (2) The litigant is filing a motion related to the status of counsel.").  Any pleading not conforming to this rule, going forward, shall not be docketed or presented to a judicial officer, and will instead be returned to the filer.  Id.

Evans is now ordered to:

1.   File a substantive habeas petition or motion for a new trial in the state Superior Court, including each of the unexhausted claims he seeks to raise here, within thirty (30) days of the date of this Order[3];

2.   Notify this Court that such an action has been filed within thirty (30) days of the date of this Order;

---

[3] See Rhines v. Weber, 544 U.S. 269, 277-78 (2005) (Even where stay of unexhausted habeas petition is appropriate to allow exhaustion in the state courts, "district courts should place reasonable time limits on a petitioner's trip to state court and back.").

3.  Continue to provide this Court with status reports every ninety (90) days until the claims are fully exhausted in the state courts.  Evans should note that the status reports he files, going forward, should contain information regarding the exhaustion of his claims in his state habeas or new trial action, and not simply an update regarding investigation efforts.

4.  Once the claims are fully exhausted Evans must return to this Court, seek a lift of the stay in this case, and file an amended petition demonstrating exhaustion of each of the claims raised here.

**SO ORDERED.**

*/s/ James R. Muirhead*
James R. Muirhead
United States Magistrate Judge

Date:   December 14, 2009

cc:     David Rothstein, Esq.

JM:jba