UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Chad Evans

   v.                                             Civil No. 08-cv-105-JD

Richard Gerry, Warden
New Hampshire State Prison

**O R D E R**

Chad Evans has filed a petition for a writ of habeas corpus (document no. 1) challenging the constitutionality of his sentence as increased and imposed by the New Hampshire Superior Court's Sentence Review Division (hereinafter "The Division").[1] The matter is before me for preliminary review to determine whether Evans' habeas petition, filed pursuant to 28 U.S.C. § 2254, is facially valid and may proceed.  See Rule 4 of the Rules

---

[1]This Court previously allowed this matter to be stayed pending exhaustion of unrelated claims in the state court which Evans had considered joining to this petition (document no. 5). By Order issued December 14, 2009 (document no. 13), I directed Evans to file a substantive action to exhaust his unexhausted claims in the State court within thirty days of the date of that Order.  Evans has now responded to the December 14 Order, indicating his desire to proceed on the claim presented in his original petition, and to forego his as yet unexhausted claims (document no. 14).

Governing Section 2254 cases in the United States District Courts ("§ 2254 Rules").

## Background

Chad Evans was convicted of second degree murder and assault and sentenced to twenty-eight years to life in prison by the trial court.  After trial, Evans filed a direct appeal of his conviction.  In the meantime, the State filed a motion seeking to have Evans' sentence reviewed by the Division, which is comprised of a panel of three Superior Court judges.  The State's motion seeking review was filed pursuant to N.H. Rev. Stat. Ann. § ("RSA") 651:58, enacted on January 1, 2002, eleven days after Evans was convicted.  Prior to January 1, 2002, the State could only seek an increase of a sentence imposed by the trial court if the defendant first applied to the Division for a review of his or her sentence.

The Division initially dismissed the State's petition for review on the basis that Evans had not been advised at the time of his sentencing that his sentence could be increased, and that the review therefore violated his due process rights.  Upon the State's petition for a writ of certiorari, the New Hampshire Supreme Court ("NHSC") found that the Division lacked

jurisdiction to hear Evans' due process claim and remanded the State's petition to the Division for consideration. On April 26, 2005, the Division imposed a consecutive sentence with a fifteen year minimum term, effectively increasing Evans' minimum sentence from 28 years to 43 years in prison.

Evans appealed to the NHSC on the grounds that the increase violated his due process and double jeopardy rights, and his state and federal constitutional right not to be subjected to ex post facto laws. The NHSC affirmed the sentence increase imposed by the Division. Evans filed an unsuccessful petition for a writ of certiorari in the United States Supreme Court which was denied on March 26, 2007. This petition followed, raising the federal constitutional ex post facto claim previously raised in the state courts and the United States Supreme Court.

## Discussion

### I.   In Custody Requirement

To petition a federal court for habeas corpus relief from a state court judgment, the applicant must be "in custody in violation of the Constitution or laws or treaties of the United States." See Garlotte v. Fordice, 515 U.S. 39, 40 (1995) (citing 28 U.S.C. § 2254(a)); Maleng v. Cook, 490 U.S. 488, 490-91

(1989). Evans is presently serving the challenged sentence in the New Hampshire State Prison and has thus satisfied the statutory "in custody" requirement to allow this matter to proceed.

II. Exhaustion Requirement

To be eligible for habeas relief, Evans must show that he has exhausted all of his state court remedies, or that he is excused from exhausting those remedies because of an absence of available or effective state corrective processes. See 28 U.S.C. § 2254(a) & (b); see also Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997) (citing authority to explain the exhaustion principle). A petitioner's remedies in New Hampshire are exhausted when the state's highest court has had an opportunity to rule on the petitioner's claims. See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim[s] to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); see also Picard v. Connor, 404 U.S. 270, 275 (1971) (requiring petitioner to have fairly presented the federal nature of his claims to the State courts to give them the first opportunity to remedy the claimed

constitutional error).  "In order to . . . present the federal claim fairly and recognizably to the state courts, . . . he must show that he tendered his federal claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question.'"  Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007) (internal citations omitted)); Josselyn v. Dennehy, 475 F.3d 1, 3 (1st Cir. 2007) (quoting Casella v. Clemons, 207 F.3d 18, 20 (1st Cir. 2007)).  A petitioner may fairly present a claim by: (1) citing a provision of the federal constitution, (2) presenting a federal constitutional claim in a manner that fairly alerts the state court to the federal nature of the claim, (3) citing federal constitutional precedents, (4) claiming violation of a right specifically protected in the federal constitution, or, in some circumstances, (5) citing to state court decisions that rely on federal law or articulate a state claim that is indistinguishable from one arising under federal law.  Clements, 485 F.3d at 162 (citing Gagne v. Fair, 835 F.2d 6, 7 (1st Cir. 1987) and Nadworny v. Fair, 872 F.2d 1093, 1099-1100 (1st Cir. 1989)); cf. Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988) (finding that simply reciting facts underlying a state claim, where those facts

might support either a state or federal claim, without more, is inadequate to constitute fair presentation to the state court of a federal claim).

Evans' petition sufficiently alleges that the federal nature of his ex post fact claim has been fairly presented to and exhausted in the NHSC. Accordingly, Evans has demonstrated that the claim has been exhausted and may proceed.

## Conclusion

The petition shall be served upon Respondent Richard Gerry, the Warden of the New Hampshire State Prison. Respondent shall file an answer or other pleading in response to the allegations made therein. See § 2254 Rule 4 (requiring reviewing judge to order a response to the petition). The Clerk's office is directed to serve the New Hampshire Office of the Attorney General, as provided in the Agreement on Acceptance of Service, copies of this Order and Evans' habeas petition (document no. 1), my December 14, 2009 Order (document no. 13), and Evans' response to that Order (document no. 14).

Respondent is directed to answer or to otherwise plead within thirty days of the date of this Order. The answer shall

comply with the requirements of § 2254 Rule 5 (setting forth contents of the answer).

Upon receipt of the response, the Court will determine whether a hearing is warranted. See § 2254 Rule 8 (providing circumstances under which a hearing is appropriate).

Petitioner is referred to Fed. R. Civ. P. 5, which requires that every pleading, written motion, notice, and similar paper, after the petition, shall be served on all parties. Such service is to be made by mailing the material to the parties' attorney(s).

**SO ORDERED.**

                                                                     /s/ James R. Muirhead
                                                                     James R. Muirhead
                                                                     United States Magistrate Judge

Date:    January 20, 2010

cc:      David Rothstein, Esq.

JM:jba