UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Chad Evans,
    Petitioner

v.                               No. 1:08-cv-105-JD

Warden,
New Hampshire State Prison,
    Respondent


PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF OBJECTION
TO MOTION FOR SUMMARY JUDGMENT
AND CROSS-MOTION FOR SUMMARY JUDGMENT

On February 19, 2010, the Warden filed a Motion for Summary Judgment ("MSJ") on Evans's Petition for Writ of Habeas Corpus Under 28 U.S.C. §2254 ("Petit."), and an accompanying Memorandum of Law. Evans has filed an Objection to the Warden's Motion, as well as a Cross-Motion for Summary Judgment. He files this Memorandum in support of both his Objection and Cross-Motion. Based on the Petition, which Evans incorporates by reference, and the additional arguments in his Memorandum, Evans is entitled to summary judgment on the pleadings.

Background

Chad Evans was charged in state court with second degree murder, five counts of second degree assault, simple assault, and endangering the welfare of a child. Petition

-2-

of Evans, 154 N.H. 142, 144, 908 A.2d 796, 798 (2006),
cert. denied, __ U.S. __, 127 S.Ct. 1888, 167 L.Ed.2d 274
(2007).  On December 21, 2001, after ten days of trial and
three days of deliberation, the jury convicted Evans of all
charges.  Id.  On April 16, 2002, the trial court (Nadeau,
J.) sentenced Evans to serve 28 years to life in prison on
the murder charge, and concurrent sentences on the other
charges.  Id.

Eleven days after Evans was convicted, N.H. R.S.A.
651:58, I ("RSA 651:58, I") went into effect.  Id.  This
statute gave the State the opportunity to appeal a state
prison sentence to the Sentence Review Division of the
Superior Court – an option formerly held only by the
sentenced inmate.  Petition of the State of New Hampshire
(Sentence Review Division), 150 N.H. 296, 297, 837 A.2d 291,
292 (2003).  The State exercised its statutory right to
appeal Evans's sentence.  Id.  The Sentence Review Division
kept in tact the murder sentence of 28 years to life, but
imposed three consecutive 5-15 year sentences on three
second degree assault convictions.  Petition of Evans, 154
N.H. at 144, 908 A.2d at 799.  This increased Evans's
minimum term of imprisonment from 28 to 43 years.

-3-

Evans challenged the Division's ability to increase his sentence in the New Hampshire Supreme Court, alleging, in pertinent part, that RSA 651:58, I was ex post facto as applied to his case.  Id.  That court rejected his claim. Id.  The United States Supreme Court subsequently denied his petition for writ of certiorari.  Evans v. New Hampshire, __ U.S. __, 127 S.Ct. 1888, 167 L.Ed.2d 274 (2007).  Evans then filed this Petition, which this Court stayed based on his request to develop and exhaust other state court claims. See Order of May 6, 2008.  On January 12, 2010, the Court lifted the stay and Evans reinitiated his Petition.  See Order of January 20, 2010; Petition (re-served on January 20, 2010).

Pending are the Petition, the Warden's Motion for Summary Judgment, Evans's Objection and his Cross-Motion for Summary Judgment.  Evans agrees with the Warden that no evidentiary hearing is needed to resolve these motions. Based on the facts and the law, the application of RSA 651:58, I to Evans violates the federal constitutional prohibition against ex post facto laws.  U.S. Const. Art. I, §10.  This Court should grant his Petition and order the Sentence Review Division to reinstate his sentence of 28 years to life in prison.

-4-

Response to Warden's Arguments

The Warden argues that RSA 651:58, I is not an ex post facto law as applied to Evans.  MSJ 10-12.  He argues alternatively that the state court's application of the ex post facto clause was neither contrary to, nor an unreasonable application of, federal law.  MSJ 12-15.  The Warden contends that the Clause's reach is nearly exclusively limited to crimes or penalties that were not in effect when the defendant committed his crime.  MSJ 10-11. This reading ignores Supreme Court precedent holding that a law violates the ex post facto clause when it "creat[es] a significant risk of increas[ed] . . . punishment." Garner v. Jones, 529 U.S. 244, 255, 120 S.Ct. 1362, 146 L.Ed.2d 236 (2000).

In addition to the Third, Seventh and Eighth Circuit cases Evans cited in his Petition, Petit. 7-8, the Fifth, Sixth, Ninth, Tenth, Eleventh, and D.C. Circuits have engaged in the "significant risk of increased punishment" analysis of ex post facto claims.  See, e.g., Wallace v. Quarterman, 516 F.3d 351, 355 (5th Cir. 2008)(applying "significant risk" analysis to change in parole regulations); Michael v. Ghee, 498 F.3d 372, 382 (6th Cir.

-5-

2007)(focus is "whether the new guidelines present a
significant risk of increasing the plaintiff's amount of
time actually served"); Fletcher v. Reilly, 433 F.3d 867,
876-77 (D.C. Cir. 2006)("The controlling inquiry under
Garner is . . . whether differences in the exercise of
discretion between the two systems actually create[ ] a
significant risk of prolonging [an inmate's]
incarceration.")(quotation omitted)(brackets added by
Fletcher Court); Swan v. Ray, 293 F.3d 1252, 1253-54 (11th
Cir. 2002)(discussing Garner); Henderson v. Scott, 260 F.3d
1213, 1216 (10th Cir. 2001)(new law must create sufficient
risk of increasing punishment).

     The First Circuit, in a case cited by the Warden, MSJ
12, has also applied the "significant risk of increased
punishment" test to ex post facto claims.  Hamm v. Latessa,
72 F.3d 947 (1st Cir. 1995).  In Hamm, an inmate pursued an
ex post facto claim based on a change in the parole scheme.
Id. at 957-958.  The court rejected the claim based on the
inmate's inability to demonstrate a significant likelihood
of harm, in the form of increased incarceration, based on
the change in the scheme.  Id. (relying on California
Department of Corrections v. Morales, 514 U.S. 499, 115
S.Ct. 1597, 131 L.Ed.2d 588 (1995)).

-6-

The Warden argues that RSA 651:58, I "did not increase the maximum sentence, nor did it assure that, if the State requested a lengthier sentence, the request would be fulfilled."  MSJ 12.  These statements are accurate. However, if "significant risk of increased punishment" is the appropriate test, RSA 651:58, I is ex post facto as applied to Evans.  Before that law was enacted, an offender in Evans's position had no risk of increased punishment, after having been sentenced by the trial court, unless he initiated review of his sentence by the Sentence Review Division.  After the law was enacted, the State could initiate sentence review irrespective of the offender's intent or desire, and request that the Sentence Review Division increase the term of incarceration the trial judge had imposed.

Moreover, unlike in <u>Hamm</u> or <u>Morales</u>, the risk of increased punishment here is not speculative.  When the government appeals a sentence, the risk that the sentence will be changed to the detriment of the defendant is great. <u>See</u> Amy Baron Evans and Jennifer Niles Coffin, *Deconstructing the Relevant Conduct Guideline: Challenging the Use of Uncharged and Acquitted Offenses in Sentencing* 32 n. 38 (August 11, 2008), *available at*

-7-

http://www.fd.org/pdf_lib/relevant_conduct3.pdf ("A study of
appellate decisions after Booker shows that 98.6% of within-
guideline sentences appealed by defendants were affirmed,
and 78.3% of below-guideline sentences appealed by the
government were reversed.").  The fact that RSA 651:58, I
gave the State the ability to seek a sentence increase, but
did not compel the Sentence Review Division to adopt the
State's recommendation, does not deprive the law of its ex
post facto character.  See Michael, 498 F.3d at 382 ("The
presence of discretion does not displace the protections of
the Ex Post Facto clause. . . ."); Fletcher, 433 F.3d at
876-77 (regulation that changes how board exercises
discretion may still be ex post facto as applied); cf.
United States v. Demaree, 459 F.3d 791, 792-94 (7th Cir.
2006)(change in advisory sentencing guideline not ex post
facto).

The Warden further argues that the state court's ruling
is neither contrary to, nor an unreasonable application of,
federal law.  MSJ 12-15.  Evans has two responses.  First,
because the state court misconstrued the scope of the
protection afforded by the ex post facto clause, and
therefore failed to properly apply the "significant risk of

-8-

increased punishment" test, its decision was both contrary
to and an unreasonable application of federal law.

Second, Supreme Court precedent, while not "materially
indistinguishable" on its facts, nonetheless illustrates the
ex post facto nature of RSA 651:58, I as applied to Evans
such that the state court's failure to apply that precedent,
and afford Evans relief, was unreasonable.  The "reasonable"
interpretation of that precedent is that new laws
retrospectively exposing an offender to increased punishment
are ex post facto.  Petit. at 7-8 (citing and quoting
cases).  RSA 651:58, I, as applied to Evans, had that
effect.  This Court should grant Evans's petition.

WHEREFORE, Mr. Evans respectfully requests that this
Honorable Court:

a.  Deny the Warden's Motion for Summary Judgment;

b.  Grant Evans's Cross-Motion for Summary Judgment;
and

c.  Remand his case to the Sentence Review Division of
the Superior Court with an order to reinstate his sentence
of 28 years to life in prison.

-9-

Respectfully submitted,

/s/ David M. Rothstein

By_____
      David M. Rothstein #5991
      Deputy Chief Appellate Defender
      Appellate Defender Program
      2 White Street
      Concord, NH  03301
      603) 228-9218
      Email:  drothstein@piercelaw.edu

CERTIFICATE OF SERVICE

        I hereby certify that a copy of the foregoing Motion
has been emailed this 17th day of March, 2010, to:

Elizabeth C. Woodcock
ASsistant Assistant Attorney General
at:  Elizabeth.Woodcock@doj.nh.gov

/s/   David M. Rothstein
      David M. Rothstein

DATED: March 17, 2010