UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Chad Evans</u>


        v.                          Civil No. 08-cv-105-JD
                                     Opinion No. 2010 DNH 118

<u>Warden, New Hampshire State Prison</u>


O R D E R

        After his petition for habeas corpus relief under 28 U.S.C.
§ 2254 was denied, Chad Evans filed a motion for a certificate of
appealability pursuant to 28 U.S.C. § 2253(c)(2).  Evans asks the
court to grant a certificate of appealability on two questions
pertaining to whether application of New Hampshire Revised
Statutes Annotated ("RSA") § 651:58 in his case was either
contrary to or an unreasonable application of clearly established
federal law.  The Warden did not file a response to Evans's
motion.

        To be entitled to a certificate of appealability, Evans must
make a substantial showing that he was denied a constitutional
right.  § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483
(2000).  A substantial showing demonstrates "that the resolution
was debatable among jurists of reason."  <u>Miller-El v. Cockrell</u>,
537 U.S. 322, 336 (2003).  "The petitioner must demonstrate that

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. at 338.

In support of his petition, Evans argued that for purposes of deciding an ex post facto claim the Supreme Court examines whether application of the new law created a significant risk that the defendant would be subject to increased punishment, as held in Garner v. Jones, 529 U.S. 244 (2000); Lynce v. Mathis, 519 U.S. 433 (1997), and Cal. Dep't of Corrs. v. Morales, 514, U.S. 499 (1995).  He asserted that the New Hampshire Supreme Court's decision, denying his appeal, was both contrary to United States Supreme Court precedent and an unreasonable application of that precedent.  The court granted summary judgment in the Warden's favor, concluding that Evans had not shown that the cited cases provided the governing standard for his case, so that the New Hampshire Supreme Court's decision, which relied on the analysis provided in Dobbert v. Florida, 432 U.S. 282 (1977), as applied by the Seventh Circuit in United States v. Mallon, 345 F.3d 943, 945 (7th Cir. 2003), was neither contrary to nor an unreasonable application of federal law.

Evans now asks the court to grant a certificate of appealability on two questions:

> 1.  Whether the application of RSA § 651:58, I to
> Evans was contrary to clearly established federal
> constitutional law as set forth in Garner v. Jones, 529

U.S. 244 (2000), because <u>Garner</u> is not limited to
retroactive changes in rules governing parole.

     2.  Whether the SRD's decision to increase Evans's
sentence by 15 years was an unreasonable application of
federal law, as set forth in <u>Garner</u>; <u>Dobbert v.
Florida</u>, 432 U.S. 282 (1977); and <u>United States v.
Mallon</u>, 345 F.3d 943 (7th Cir. 2003), because RSA §
651:58, I, as applied to Evans, affected his
substantive rights.

The court will address each question in turn.


I.  <u>Contrary to Garner</u>

Evans contends that the Supreme Court established in <u>Garner</u>
that a retroactive application of a law that imposes a
significant risk that a defendant would be subject to increased
punishment violates the prohibition against ex post facto laws.
In denying Evans's petition, this court concluded that the
significant risk analysis used in <u>Garner</u> to evaluate the effect
of changes in parole rules was not a clearly established
governing precedent that controlled the decision in Evans's case.
Evans argues that reasonable jurists could disagree with the
court's decision and instead could conclude both that <u>Garner</u>
provided the governing standard for his case and that the New
Hampshire Supreme Court's decision was contrary to that
precedent.

Evans cites <u>United States v. Lewis</u>, 606 F.3d 193 (4th Cir. 2010), to show that jurists of reason could disagree about the application of <u>Garner</u> in contexts other than changes to the parole rules.  The issue is not whether <u>Garner</u> might apply outside of the parole context but, instead, is whether <u>Garner</u> provides the controlling standard in Evans's case so that a decision based on a <u>Dobbert</u> analysis is contrary to clearly established Supreme Court precedent.  The Fourth Circuit in <u>Lewis</u> applied the "significant risk" standard from <u>Garner</u> to assess whether a retroactive application of the Sentencing Guidelines violated the prohibition against ex post facto laws and distinguished the Seventh Circuit's analysis of retroactive application of Sentencing Guideline changes.  606 F.3d at 199. Although Evans does not cite a case involving procedural changes, which was at issue in his case, it may be arguable that jurists of reason could conclude that <u>Garner</u> has displaced <u>Dobbert</u> for purposes of analyzing the ex post facto effect of the change in RSA 651:58, I.

Therefore, the court will grant a certificate of appealability for the first question Evans presents.

4

II.   <u>Unreasonable Application of Federal Law</u>

Evans also contends that reasonable jurists could disagree with this court's conclusion that the New Hampshire Supreme Court's decision, based on a <u>Dobbert</u> analysis as applied by the Seventh Circuit in <u>Mallon</u>, was not an unreasonable application of federal law.  Evans argues that unlike the retroactive changes considered in <u>Dobbert</u> and <u>Mallon</u>, the amendment to RSA 651:58, I gave the government a second chance to have a longer sentence imposed on him, and therefore was not a mere procedural change. The court disagrees with Evans's interpretation and concludes that jurists of reason would not debate whether the New Hampshire Supreme Court's decision was wrong.

Therefore, a certificate of appealability will not issue for the second question Evans presents.

<u>Conclusion</u>

For the foregoing reasons, Evans's motion for a certificate of appealability (document no. 28) is granted for the first question he presents and denied as to the second question.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

July 20, 2010

cc:  David M. Rothstein, Esquire
     Elizabeth C. Woodcock, Esquire